*Captain Larry R. McDowell* and *Captain Richard S. Kleager* were on the pleadings for Appellee, United States.

---

**UNITED STATES, Appellee,**

v.

**Ricky R. JOHNSON, Private, U. S. Army, Appellant.**

**No. 30,856.**

U. S. Court of Military Appeals.

Nov. 7, 1975.

**214**

*Colonel Alton H. Harvey, Captain Robert H. Herring,* and *Captain Albert T. Berry* were on the pleadings for Appellant, Accused.

*Major John T. Sherwood, Jr., Captain William A. Poore,* and *Captain John R. Erck* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Before this Court, as he did unsuccessfully below, the appellant urges that the trial counsel's argument to the court members on an appropriate sentence was prejudicially improper as it erroneously contained references to appellant's plea of not guilty. While we agree with this contention of error, we determine that its prejudicial effect has been cured below.

Throughout his trial, the appellant admitted his guilt of a lesser included offense of assault and battery as to one of the named victims, but steadfastly denied liability for the aggravated injuries inflicted on that victim and for any of those on the second. The only prosecution evidence at trial linking the appellant to the assaults charged was the testimony of three of the appellant's alleged accomplices therein. Two of these witnesses at their own earlier trials,

pursuant to pretrial agreements, had entered pleas of guilty to one of the two aggravated assault charges facing each. The fact of the agreements, as well as the terms thereof, were subjects of inquiry at the appellant's court-martial to the extent that the witness' credibility may have been affected thereby.

During his argument before the court members in the presentencing portion of the proceedings, the trial counsel made the following comments in relation to these matters:

> This is not an innocent man. He didn't come forward to the Government and say, "I want to plead guilty," and that's what you saw with Shaw and Cummings. They made a deal with the Government, and they plead guilty to one of the charges. They were proved guilty on both, but at least they said they were guilty and at least they didn't say, "No, I don't feel any guilt at all," and the judge and the court can consider it, must consider it but an innocent first step to retribution [sic]. But have you found anything like that in the accused today? Did he once say, "I'm guilty, I learned my lesson"? . . . The other people have at least taken that first step. They have said, "I'm guilty." He hasn't. Even though he admitted kicking, even though he admitted beating, he hasn't yet said he's guilty.

■ We believe that these comments about the appellant's failure to admit his guilt, tied as they are to the guilty pleas of his alleged accomplices, constitute more than remarks about the appellant's continued denial of involvement even in the face of the court's verdict to the contrary; rather, in our opinion, they directly address the appellant's plea itself. Trial counsel's primary duty is to seek justice, not vengeance. While his argument may be earnest and vigorous, *United States v. Pendergrass*, 17

U.S.C.M.A. 391, 38 *C.M.R.* 189 (1968), *it may not go beyond the bounds of fair comment.* United States v. Olson, 7 U.S.C.M.A. 242, 22 C.M.R. 32 (1956). In this case, they do.

■ An accused, who is presumed innocent, has a fundamental right to plead not guilty at his trial of criminal charges [1] and thereby to put the Government to the test of proving by competent evidence his guilt beyond a reasonable doubt.[2] While a plea of guilty is recognized as amounting to the first step toward rehabilitation inasmuch as it denotes an individual who has recognized his wrong and is willing to admit it,[3] a plea of not guilty, which simply is the exercise of an absolute constitutional protection, does not carry with it the inverse, negative implication which would aggravate a sentence. Such comments as those we now condemn convey the intolerable unspoken message that it is proper to punish an accused who has put the prosecution to the test, not just for the crime itself, but also for so inconveniencing the Government.

■ However, in the instant case, the trial judge recognized the apparent nature of the trial counsel's argument and gave the following cautionary instruction to the members prior to their deliberation on sentence:

> Now, both the lawyers in this case have talked about the guilty plea which the other culprits entered in the case. Now a plea of guilty is a matter in extenuation and mitigation which the law requires the sentencing authority to take into consideration. However, a plea of not guilty is a matter not in aggravation because the accused has a perfect right to plead not guilty. So the difference is when a man pleads not guilty, that's very simply, that's not a matter—in other words, a plea of guilty is not present so that you consider that as a matter in extenuation and mitigation. There is simply an absence of that item of extenuation and

---

**1.** Fifth Amendment and Sixth Amendment, United States Constitution. *See McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

**2.** Paragraph 70a, Manual for Courts-Martial, United States, 1969 (Rev.).

**3.** Paragraph 76a, MCM.

**216**

mitigation, where if he pleads guilty, that item is present as a matter in extenuation and mitigation, so I'd like to make that clear, that a plea of not guilty is not a matter in aggravation because he has a right to plead not guilty.

We believe that the prejudicial effect of the trial counsel's improper comments were cured by such an appropriate instruction.

■ Parenthetically, we note that the appellant's adjudged sentence to confinement of 5 years was reduced to 1 year by the convening authority in his action. While reassessment of a sentence by a reviewing authority does not in law serve to cure a trial error affecting sentence in the absence of knowledge by the review authority of the error at the time of its action,[4] nonetheless, appellant's sentence to confinement now is 1 year and we believe it is inconceivable that the trial sentencing body would have adjudged less—in light of what it did adjudge—had the argument error never occurred.

The decision of the U. S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

4. *United States v. Rodriguez*, 17 U.S.C.M.A. 54, 37 C.M.R. 318 (1967); *United States v. Peters*, 8 U.S.C.M.A. 520, 25 C.M.R. 24 (1957); *United States v. Reiner*, 8 U.S.C.M.A. 101, 23 C.M.R. 325 (1957).