UNITED STATES, Appellee,

v.

**Arthur R. WILSON, Private, U.S. Marine Corps, Appellant.**

No. 32,445.
NCM 75–0448.

U. S. Court of Military Appeals.

Sept. 17, 1976.

---

cation (specification 2 of Charge IV) and over the assault allegation (Charge V); that is, whether these offenses are "service connected." *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). We conclude they are not and that, therefore, jurisdiction did not lie in the court-martial to try them.

Private First Class Durkey, the victim of the robbery and the assault of concern, testified at trial that he and a friend of his named Scott were socializing one evening in Memphis when they chanced to meet the appellant and another party. All apparently were on authorized leave at the time and dressed in civilian clothes. During the conversation, the appellant offered Durkey and Scott a ride back to the Naval station, which Durkey and Scott accepted. All four men then went to the car. A short time into the drive, the appellant's companion, who was driving, said that he had to stop a moment to pick someone up, at which point he stopped the car in front of a bar and Wilson exited the vehicle and entered the bar. When the appellant returned, he was with yet another person. The two of them then proceeded to pull Durkey and Scott from the car, rob each of them at gun point, and strike Durkey across the face with the pistol, breaking the victim's glasses. Durkey and Scott immediately reported the crimes to the local civilian police.

Applying the jurisdictional criteria enunciated by the United States Supreme Court in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), as we are constrained to do, *United States v. Hedlund*, 2 M.J. 11 (1976); *United States v. Moore*, 1 M.J. 448 (1976), we find that none are supportive of court-martial jurisdiction. In fact, the only connection whatsoever between the offenses in question and the military establishment—other than the military status of the appellant—is the military sta-

*Lieutenant J. R. Cliffe*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress*, USMC, was on the pleadings for Appellee, United States. With him on the brief was *Lieutenant Michael C. Farrow*, JAGC, USNR.

Opinion of the Court

PER CURIAM:

At his general court-martial, the appellant was found guilty of resisting apprehension, sleeping on post, larceny, two specifications of robbery, assault, and desertion,[1] and he was sentenced to a dishonorable discharge, confinement at hard labor for 15 years, and forfeiture of all pay and allowances. The convening authority approved the findings and sentence without modification. Upon its review of the case, the Navy Court of Military Review dismissed the charge alleging sleeping on post, as well as the first specification of robbery; additionally, the conviction for desertion was reduced to absence without leave, and the sentence to confinement was modified to 7 years.

This Court granted review of the appellant's case to determine whether the court-martial which tried the appellant lacked jurisdiction over the second robbery specifi-

---

1. Charges I thru V and Additional Charge I, respectively, in violation of Articles 95, 113, 121, 122, 128, and 85, Uniform Code of Military Justice, 10 U.S.C. §§ 895, 913, 921, 922, 928, and 885.

tus of the named victim. That, alone, is not enough.[2] *United States v. Hedlund, supra.*

The decision of the United States Navy Court of Military Review is reversed. The findings as to specification 2 of Charge IV and as to Charge V are set aside, and these charges are ordered dismissed. The record is returned to the Judge Advocate General for remand to the Court of Military Review for action on the sentence in accordance with this decision.

COOK, Judge (dissenting):

For the reasons set out in my dissent in *United States v. Hedlund*, 2 M.J. 11 (1976), I would affirm the decision of the United States Navy Court of Military Review.

2. There is not even a fair indication in the record that, but for the appellant being a fellow serviceperson, the victim would not have accepted the ride offered him.