**UNITED STATES**

v.

**Steven K. WHITE, 305 56 4130, Private (E–1), U. S. Marine Corps.**

NCM 77 0010.

U. S. Navy Court of Military Review.

6 April 1977.

■■■■■■■■■■

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

CAPT Mark M. Humble, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

GLASGOW, Judge:

Consonant with his plea, the appellant stands convicted of two counts of rape and one count of forcible sodomy (three different victims at three separate times), in violation of Articles 120 and 125, UCMJ, 10 U.S.C. §§ 120, 125, and sentenced by general court-martial composed of officer and enlisted members, to a dishonorable discharge, confinement at hard labor for ten years and forfeiture of all pay and allowances. Consistent with a pretrial agreement, the convening authority approved the sentence, reducing the period of confinement to five years.

The appellant assigns the following as errors:

I

THE COURT LACKED JURISDICTION OVER ADDITIONAL CHARGE II AND SPECIFICATION 2.

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN PERMITTING THE MEMBERS TO CONSIDER THE FIRST, THIRD AND FIFTH ENTRIES ON PROSECUTION EXHIBIT 2.

III

TRIAL COUNSEL'S ARGUMENT ON SENTENCE WAS IMPROPER IN THAT CERTAIN OF HIS STATEMENTS WERE INTENDED TO INFLAME THE PASSION OF THE MEMBERS.

IV

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY INSTRUCTING THE MEMBERS AS TO MAXIMUM PUNISHMENT FOR EACH OFFENSE OF WHICH APPELLANT HAD BEEN FOUND GUILTY.

We find some merit in each of the assignments and appropriately modify the findings and sentence.

I

■ The appellant stands convicted of sodomy under Specification 2 of Additional Charge II. It appears that the appellant, while off duty, off base and out of uniform, accosted another Marine, similarly off base, took him into an alley and forcibly committed sodomy upon his body. Both Marines were stationed at Camp Pendleton, California, but it does not appear that they were attached to the same unit or knew each other. In fact, it is not shown that either knew that the other was a Marine at the time the offense was committed.

In *United States v. Hedlund*, 25 U.S.C. M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976), the Court of Military Appeals found no jurisdiction where an off-duty Marine robbed a Marine who was off base and absent without leave. *See United States v. Reed*, 25 U.S.C.M.A. 11, 54 C.M.R. 11, 2 M.J. 16 (1976); *United States v. Wilson*, 25 U.S. C.M.A. 26, 54 C.M.R. 26, 2 M.J. 24 (1976).

Appellate government counsel contends that the victim here was a young Marine who suffered serious, and perhaps permanent, psychological injury from the attack and this should be one of those unusual cases alluded to by the Court in *United States v. Hedlund, supra*. There, Judge Perry, speaking for the majority, stated:

Indeed, the only connection whatsoever in this case between the military and these two charges of concern, other than the military status of the appellant, was the military status of the victim. Under certain unusual circumstances, this factor alone might be enough to cause such a high degree of military interest and con-

cern as to compel jurisdiction in the military to try the accused. (2 M.J. at 15).

Had the question of jurisdiction in the case *sub judice* been contested at trial, there may have been sufficient evidence introduced to show that the military did, in fact, have jurisdiction. *See United States v. Butts*, 54 C.M.R. 665, 1 M.J. 1073 (N.C.M.R.1976), *pet. den.*, Docket No. 33,-003 (1 March 1977). However, from the record before us, we cannot distinguish the question of jurisdiction over the second specification of Additional Charge II from the offenses determined by the Court of Military Appeals to be outside military jurisdiction in *Hedlund, Reed* and *Wilson*. We find no jurisdiction as to the offense alleged in that specification and will modify the findings accordingly. It should be noted that the aggregate maximum punishment which the trial court was advised could be imposed is not changed by our dismissal of the charge.

## II

■ After the findings, the government introduced, *inter alia*, Prosecution Exhibit 2, a page from the appellant's service record, showing five incidents of non-judicial punishment, all occurring within one year prior to trial and subsequent to one of the offenses upon which the appellant was then standing trial. Three of the entries failed to show whether an appeal was made, but were admitted over the objection of the defense. Marine Corps Individual Records Administration Manual (IRAM), Marine Corps Order P1070.12C, Section 4014(2)(a)(1) provides:

> *Nonjudicial Punishment*. When nonjudicial punishment is awarded as authorized by UCMJ article 15, and the MCM 1969 (Rev.), chapter XXVI, record date; organization; place; offense; punishment (to include suspension, if any); whether appeal made and action on appeal, if any. (*See* Paragraph 75d, MCM, 1969 (Rev.)).

Chief Judge Fletcher, speaking for the unanimous Court of Military Appeals, stated, "[I]t is well-settled that a government agency must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests." *United States v. Russo*, 23 U.S.C.M.A. 511, 512, 50 C.M.R. 650, 651, 1 M.J. 134, 135 (1975). The higher Court reversed *Russo* because the Army had not fully complied with its recruiting regulations. At that time the Court also reversed *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975) because the Army had not adhered to its instruction on making a record of previous convictions, rejecting the Army Court of Military Review's position that improper admission of such a record of prior offenses did not require reversal because the defense did not object to its admission at trial. *See United States v. Morales*, 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975); *United States v. Burden*, 23 U.S.C.M.A. 510, 50 C.M.R. 649, 1 M.J. 89 (1975); *United States v. Scharback*, No. 75 2040 (N.C.M.R. 24 February 1976). *But see United States v. Hiler*, 47 C.M.R. 817 (N.C.M.R.1973) in which another panel of this Court considered the same issue we have here. We do not follow *Hiler*.

In the case *sub judice*, we think that it is insignificant whether the appellant had non-judicial punishment two times or five times. The offenses of which he stands convicted overshadow minor infractions. The improper admission of the three faulty records of non-judicial punishment affect only the sentence and an error affecting the sentence is prejudicial only if the court members were influenced to impose a sentence more severe than they otherwise would have. *See United States v. Smith*, 22 U.S.C.M.A. 342, 46 C.M.R. 342 (1973); *United States v. Martinez*, No. 76 2559 (N.C.M.R. 23 March 1977). Nevertheless, we will consider this error in our reassessment of the sentence.

## III

■ The appellant contends that "the whole tenor of trial counsel's argument (on the sentence) was intended to inflame the passion of the members rather than provide a rational basis for them to award a fair

sentence," citing *United States v. Nelson,* 24 U.S.C.M.A. 49, 51 C.M.R. 143, 1 M.J. 235 (1975); *United States v. Johnson,* 24 U.S. C.M.A. 23, 51 C.M.R. 73, 1 M.J. 213 (1975); *United States v. Shamberger,* 24 U.S.C.M.A. 203, 51 C.M.R. 448, 1 M.J. 377 (1976). Opposing counsel agrees that some of trial counsel's argument was improper, but contends that trial defense counsel objected thereto at trial and the military judge properly advised the court members to disregard such improper argument. We agree. *See United States v. Johnson, supra.* Also, in view of the relatively light sentence approved by the convening authority, there can be no prejudicial effect from such improper argument.

## IV

■ In his comment on the sentence, trial counsel stated the authorized punishment for *each* offense (R. 89) and the military judge also advised the court members of the punishment authorized for *each* offense (R. 96), viz: dishonorable discharge, total forfeitures and confinement at hard labor for life for each of two specifications of rape and a dishonorable discharge, total forfeitures and confinement at hard labor for ten years for the sodomy specification. Both properly concluded that the legal maximum sentence that the court could adjudge was a dishonorable discharge, total forfeitures and confinement for life. The appellant contends that the court members were improperly instructed, citing Paragraph 76*b* (1), MCM, 1969 (Rev.), which states, in part, viz:

The maximum punishment will be the lowest of the following: the total permitted by 127*c* for the offenses of which the accused stands convicted, or the jurisdictional limit of the court-martial (see Art. 19), or, in a rehearing or new or other trial of the case, the maximum authorized pursuant to 81*d* or 110*a* (2). A court-martial must not be advised of the basis for the sentence limitation or of any sentence which might be imposed for the offense if not limited as set forth above.

The appellant also claims that by giving the instruction as he did, the military judge

overemphasized the seriousness of each of the offenses and served to compound the error by allowing the trial counsel to argue an excessive maximum punishment. We think that under the circumstances here, trial counsel and the military judge erred in their advice to the court members regarding the authorized punishment. Said Paragraph 76*b* (1) applies to general courts-martial as well as specials but rarely does authorized punishment for each offense exceed the authorized punishment for a general court-martial. This is one of those cases. "A single sentence shall be adjudged for all the offenses of which the accused has been found guilty." Military Judge's Guide, DAPam No. 27-9. It is improper for trial judge to advise the court members how he arrives at the maximum punishment. That is matter to be discussed in an Article 39(a) session.

Despite the errors and irregularities in this case, we believe that it is inconceivable that the court members would have adjudged a lighter sentence than that approved by the convening authority. Here, the court adjudged confinement for ten years, the convening authority approved only five and we will reduce it still further upon reassessment. We adopt the following rationale of the higher Court in *United States v. Johnson, supra,* viz:

Parenthetically, we note that the appellant's adjudged sentence to confinement of 5 years was reduced to 1 year by the convening authority in his action. While reassessment of a sentence by a reviewing authority does not in law serve to cure a trial error affecting sentence in the absence of knowledge by the review authority of the error at the time of its action, nonetheless, appellant's sentence to confinement now is 1 year and we believe it is inconceivable that the trial sentencing body would have adjudged less—in light of what it did adjudge—had the argument error never occurred. (1 M.J. at 216).

The findings of guilty of Additional Charge II and Specification 2 thereunder

are set aside and that offense is dismissed. The remaining findings of guilty, and, upon reassessment, only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for four years and forfeiture of all pay and allowances are affirmed.

Chief Judge CEDARBURG and Judge BAUM concur.