**UNITED STATES**

v.

**Jimmy M. GUTIERREZ, 554 23 8805, Personnelman Second Class (E–5), U. S. Navy.**

**NCM 79 0681.**

U. S. Navy Court of Military Review.

Sentence Adjudged 20 Dec. 1978.

Decided 31 March 1980.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

MICHEL, Judge:

On the night of 19 August 1978, at the Tradewinds Enlisted Club aboard the United States Naval Base, Norfolk, Virginia, appellant shot his ex-paramour, Ms. H, who was then busy with her duties as a club employee. Upon the prompt arrival of police officers to the scene, in response to an alert call, and their attendant demand that appellant relinquish his weapon, appellant responded by discharging the weapon at the officers,[1] who returned fire, wounding appellant and effectuating his apprehension. Appellant was subsequently tried by general court-martial consisting of officer and enlisted personnel, found guilty of three offenses,[2] and sentenced to reduction to pay grade E–1, confinement at hard labor for 12 years, total forfeiture of pay and allowances, and a dishonorable discharge.

Appellate defense counsel has assigned four errors for our consideration. Only one has merit, although not requiring corrective action by this Court.

1. This scenerio, involving an automatic handgun of uncertain origin, is precisely that anticipated as the touchstone for the appropriate application of severe penalties which mirror society's concern for its own well-being and its attempts at survival in an environment of violence. See United States v. Baraibar, No. 79 1203 (NCMR 5 October 1979) (slip opinion at 3) (Michel, J., dissenting).

2. Contrary to his pleas, appellant was found guilty of attempted murder of his ex-lover; unlawful possession of a pistol, such being violative of a lawful general regulation; and assault with a dangerous weapon upon a policeman, in violation of Articles 80, 92, and 128, 10 U.S.C. §§ 880, 892, and 928, respectively. At trial, all parties agreed that the maximum imposable punishment included confinement at hard labor for 24 years.

3. We note that this procedure utilized by the military judge during appellant's trial comported with that set forth in paragraph 8–3, *Military Judges' Guide*, DA Pam 27–9; however, that procedure is unsupported by legal authority and is at variance with the language expressed in paragraph 76b(1), MCM, *supra*, which we find to be controlling. Further, we

At trial, the military judge instructed the members concerning the maximum punishment which they could impose for *each* offense of which they had found appellant guilty. This was error. See paragraph 76b (1), *Manual for Courts-Martial, 1969 (Rev.)*.[3] *See also United States v. White*, 3 M.J. 619, 622 (N.C.M.R.1977). However, considering *only* the circumstances surrounding appellant's perpetration of the Article 80, 10 U.S.C.A. § 880 offense[4] " 'we believe it is inconceivable that the trial sentencing body would have adjudged less [confinement at hard labor]—in light of what it did adjudge—had the . . . error never occurred.' " *United States v. White, supra* at 622, quoting from *United States v. Johnson*, 1 M.J. 213, 216 (C.M.A.1975).

Accordingly, the findings and sentence, as approved below, are affirmed.

Judge PRICE concurs.

BAUM, Senior Judge (concurring in the result):

I agree with the result in this case and would reject all of appellant's assigned errors.

are of the opinion that the procedure utilized in this case by the military judge, while adding nothing of substance to the instructions concerning an appropriate and legally permissible sentence for appellant, contained the seeds of confusion which, in due course, might well germinate in the minds of the respective court members.

4. Appellant approached Ms. H, as she was concluding her shift at the club on the evening in question, and confronted her with the weapon which he pointed at her stomach. She attempted to turn away from her assailant and succeeded in moving about three steps when appellant shot her in the arm. Thereafter, in quick succession, appellant shot his victim in the lower back and hip. With Ms. H then fully incapacitated, though conscious, on the floor, appellant walked over to her, bent down, lifted her head by the hair, and discharged a final shot—this time at a distance of mere inches from her head—into her left temple. Although Ms. H miraculously survived this ordeal, she is left to cope with the severe, long-range, adverse physical consequences to her person attributable to appellant's vicious acts.

In finding error in the judge's instructions on the sentence, I believe the majority has created a requirement in paragraph 76b (1), *Manual for Courts-Martial, 1969, (Rev.)* that does not exist. The pertinent portion of that paragraph reads as follows:

> The maximum punishment will be the lowest of the following: the total permitted by 127c for the offenses of which the accused stands convicted, or the jurisdictional limit of the court-martial (see Art. 19), or, in a rehearing or new or other trial of the case, the maximum authorized pursuant to 81d or 110a (2). A court-martial must not be advised of the basis for the sentence limitation or of any sentence which might be imposed for the offense if not limited as set forth above.

In my view, the language of paragraph 76b (1) requires the judge to instruct the court members as to one maximum sentence that may be imposed. Depending on which is lowest, the maximum sentence will be either the jurisdictional limits of the Court, the limited sentence authorized upon a rehearing or other trial, or the total of the sentences authorized for each individual offense as listed in paragraph 127c of the *Manual*. If the aggregate sentence or any component punishment authorized for the particular offenses exceeds the jurisdictional limits of the Court or the limitation imposed upon a rehearing or other trial, then the judge is prohibited from so informing the court members. To me, this is the extent of paragraph 76b (1). In my view, paragraph 76b (1) does not prevent the judge from advising the members of the separate maximum punishments allowed for each offense, if in so doing the jurisdictional or rehearing limits are not exceeded and so long as he also instructs the members of the sum total of the individual sentences authorized and makes it clear that this aggregate is the maximum punishment authorized. This is exactly what was done by the judge in the instant case and conforms with the procedure recommended by the Army in paragraph 83c of the *Military Judges' Guide*, DA Pam 27–9, which I believe is a perfectly acceptable procedure.

After informing the court members of the maximum punishments for each of the separate offenses, the military judge properly advised the members that the total sentence authorized was a dishonorable discharge, confinement at hard labor for 24 years, forfeiture of all pay and allowances and reduction to pay grade E–1. This aggregate sentence was well within the jurisdictional limits of a General Court-Martial and no other limitations were present in the case. I, therefore, find no error in the judge's instruction. I believe my interpretation of paragraph 76b (1) of the *Manual* is consistent with the explanation found in the *Analysis* Of Contents, *Manual For Courts-Martial, United States, 1969 (Rev.)*, and is also in accord with the holding in *United States v. White*, 3 M.J. 619 (N.C.M. R.1977), which has been cited by the majority. In *White* the judge informed the court members of the punishment authorized for each offense, which in their aggregate exceeded the jurisdictional limits of the court, and which, thus, clearly violated paragraph 76b (1) of the *Manual*.

For the above reasons, I must disassociate myself from the rationale of the majority which imposes an instructional limitation on military judges without support in the *Manual*. I also must disassociate myself from footnote 1 of the majority opinion, which I find to be tenuous reasoning at best.