**UNITED STATES**

**v.**

**Russell H. TEMPLE, 549 29 0632, Airman Recruit (E-1), U. S. Navy.**

**No. NMCM 80 0815.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 17 Oct. 1979.

Decided 19 May 1981.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

KERCHEVAL, Judge:

Appellant entered mixed pleas to 14 violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, alleging the wrongful possession, transfer and sale of lysergic acid diethylamide and possession and transfer of marijuana. He was convicted of all 14 specifications and was

sentenced to confinement at hard labor for 3 years, forfeiture of all pay and allowances, and a dishonorable discharge from the naval service. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for confinement at hard labor for 3 years, total forfeitures, and a bad-conduct discharge. All confinement in excess of 367 days was suspended for 18 months from the date of trial.

Appellant has assigned the following error:

THE MILITARY JUDGE ERRED BY INSTRUCTING THE MEMBERS AS TO THE MAXIMUM PUNISHMENT FOR EACH OFFENSE.

Although we find this assignment of error to be meritorious, no corrective action is required.

The military judge, prior to the members' deliberation on sentencing, gave the following instruction:

For sentencing purposes, you are to consider Specifications 1, 2 and 3 as one offense. The maximum punishment for that offense is:

A dishonorable discharge; Confinement at hard labor for a period of one year; Forfeiture of all pay and allowances.

MJ: You are to consider Specifications 4, 5, 6, 7 and 8 as one offense for punishment purposes. The maximum punishment is:

A dishonorable discharge; Confinement at hard labor for a period of one year; and Forfeiture of all pay and allowances.

MJ: You are to consider Specifications 9, 10 and 11 one offense for punishment purposes and the maximum punishment is:

A dishonorable discharge; Confinement at hard labor for a period of one year; and Forfeiture of all pay and allowances.

MJ: In regards to Specification 12, the maximum punishment is:

A dishonorable discharge; Confinement at hard labor for a period of two years; and Forfeiture of all pay and allowances.

MJ: You are to consider Specifications 13 and 14 as one offense for punishment purposes and the maximum punishment for that offense is:

A dishonorable discharge; Confinement at hard labor for a period of two years; and Forfeiture of all pay and allowances.

MJ: Therefore, the maximum permissible punishment for all offenses for which the accused has been found guilty is:

A discharge from the service with a dishonorable discharge; Confinement at hard labor for a period of seven years; and Forfeiture of all pay and allowances.

Paragraph 76b(1), *Manual for Courts-Martial, 1969 (Rev.)* (MCM), in pertinent part provides:

The maximum punishment will be the lowest of the following: the total permitted by 127c for the offenses of which the accused stands convicted, or the jurisdictional limit of the court-martial (see Art. 19), or, in a rehearing or new or other trial of the case, the maximum authorized pursuant to 81d or 110a(2). *A court-martial must not be advised of the basis for the sentence limitation or of any sentence which might be imposed for the offense if not limited as set forth above.*

(Emphasis added).

The single issue involved is whether the above-emphasized language prohibits presentencing instructions such as given in this case. Notwithstanding the holding of the Army Court of Military Review, *United States v. Clinton*, No. 436534 (A.C.M.R. 17 November 1978), we believe the drafters of the 1969 *Manual* intended that the language, "A court-martial must not be advised of the basis for the sentence limitation ..." be interpreted to include a prohibition against individually stating the various maximum punishments for each offense at an original trial, as well as before rehearings or new or other trials. *United States v. Gutierrez*, 8 M.J. 865 (N.C.M.R. 1980);

*United States v. White*, 3 M.J. 619 (N.C. M.R. 1977). To hold otherwise would lead to confusion on the part of the members regarding the proper sentence voting procedures, and could result in the members voting for individual sentences for each offense and then adding the results to arrive at a single sentence to be announced. Such practice, in addition to being in violation of existing law, would most likely result in the appellant receiving a greater sentence than would otherwise be adjudged. The repetition of such permissible punishments as dishonorable discharge, total forfeiture of pay and allowances and reduction to the lowest enlisted pay grade would overemphasize those types of punishments.

Additionally, the *Manual* clearly states that in the case of a "rehearing or new or other trial" the sentence limitation is the lesser of that which was adjudged at the original trial or that which has been approved on review. Paragraphs 76*b* (1), 81*d* and 110*a* (2), MCM. The court members are not to be advised of the reasons for the lower sentence limitation. *Id.* If the sentencing instruction given in this case, permitting advice as to the maximum punishment for each offense, was condoned, it is difficult to imagine what instructional advice would be required in cases involving rehearings or new or other trials in which the original court had adjudged and/or a reviewing authority had approved something less than the original authorized maximum sentence. It would be impossible, when a rehearing or new or other trial is ordered, to apportion the sentence adjudged and/or approved at the first trial to each of the offenses of which an accused is convicted at the second trial. On the other hand, if the court was instructed as to the maximum punishment for each offense, the aggregate of the individual punishments would be greater than that which would be authorized at the second trial; but the court members could not be advised of the basis for the lower sentence limitation.

This would result in an unacceptable risk of confusion on the part of the court members if the basis of the sentence limitation was not explained; and if the court members were advised of the basis, the instruction would be in clear violation of paragraph 76*b* (1), MCM.

■ Although we find it was error for the military judge to instruct the members as to the maximum punishment for each offense of which they had found appellant guilty, we may cure the error by reassessment of the sentence. In view of the severity of the offenses committed and the mitigating action already taken by the reviewing authorities, we consider that the reduced sentence is appropriate.

Accordingly, the findings and sentence, as approved below, are affirmed.

Chief Judge CEDARBURG, Senior Judge GREGORY, and Judges SANDERS, BOHLEN and GLADIS concur.

DONOVAN, Judge (concurring):

I concur that the ambiguous *Manual* language should be conservatively construed and add some reasons why.

Court members are the military analog of a civilian jury: the sentence is a military sanction on misconduct and is imposed, moreover, by peers in the military profession. In reaching that sentence the members who are detailed in accordance with Article 25(d)(2), Uniform Code of Military Justice, 10 U.S.C. § 825(d)(2), reach a consensus on what is a fair penalty. I believe the consensus is best reached when the members select one or more sentence components, such as forfeiture or confinement, from within a single maximum. When multiple maximums are announced, and then summarized to a legally permissible maximum, the members are unduly impressed, as here, with the vulnerability of an accused to one or more sentence components.[1] It is no answer that the members

---

[1] It is foreseeable that some defense counsel would contest as prejudicial error the *manner* in which a trial judge announced individual maximum sentences, whether by intonation, eye contact, pausing, or otherwise. These types of problems are avoided by the practice herein ordered.

**690**

should be fully enlightened before they vote on a sentence for we recognize that the Table of Maximum Punishments, Section A, Paragraph 127c, *Manual for Courts-Martial, 1969 (Rev.),* is the outer limit, designed to encompass a myriad of human misconduct and enacted to serve in war as well as peace.

If individual maximums are instructed, the military judge would have an even heavier burden in bringing to the members' attention favorable matters raised in extenuation and mitigation. We could expect appeals attacking such instructions as prejudicially inadequate to overcome the adverse impact of his instruction on individual maximums. *See United States v. Graves,* 1 M.J. 50 (C.M.A.1975). There are enough hurdles in reaching an affirmance without inviting fresh errors from a trial judge's failure to follow Senior Judge Baum's opinion concurring in the result that multiple recitations of punitive discharge or periods of confinement or forfeitures which *exceed* the permissible "sum" not be instructed.

BAUM, Senior Judge (concurring in the result):

I adhere to the outlook expressed in my separate opinion in *United States v. Gutierrez,* 8 M.J. 865, 866 (N.C.M.R. 1980), that:

In my view, paragraph 76b(1) [MCM, 1969 Rev.] does not prevent the judge from advising the members of the separate maximum punishments allowed for each offense, if in so doing the jurisdictional or rehearing limits are not exceeded and so long as he also instructs the members of the sum total of the individual sentences authorized and makes it clear that this aggregate is the maximum punishment authorized.[1]

In further amplification of this statement, I think it should be clear that instructing court members that multiple punitive discharges or multiple life sentences are authorized would violate paragraph 76b (1), since in so doing the jurisdictional limit of even a general court-martial would be exceeded. *See United States v. White,* 3

M.J. 619 (N.C.M.R. 1977). Accordingly, it was incorrect for the judge in the instant case to instruct the members that a dishonorable discharge was authorized for each of five offenses. However, I continue to see nothing wrong with informing the court of the maximum confinement permitted for each offense as long as the sum total is provided, that the individual sentences or sum do not exceed the jurisdictional or rehearing limits, and that the court is instructed that the aggregate authorized sentence is the maximum punishment allowed.

I agree with the majority in affirming the findings and sentence since I see no prejudice here from the judge's error in informing the court that a dishonorable discharge and forfeiture of all pay and allowances were authorized for each offense.

ABERNATHY, Judge (concurring in result):

I think it is permissible for the judge to itemize the confinement authorized for each offense subject to the conditions cited by Judge Baum in his concurring opinion.

I join the majority in affirming the findings and sentence.