# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LUTHER L. PORTER**
**United States Army, Appellant**

ARMY 20110470

Headquarters, 2d Infantry Division
T. Mark Kulish, Military Judge
Colonel Jeffery D. Pedersen, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann Jr., JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

31 October 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of failure to obey a lawful general regulation and one specification of aggravated sexual assault, in violation of Articles 92 and 120(c), Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920 (2006 & Supp. IV 2010) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, to be confined for five years, forfeiture of all pay and allowances, and to be reduced to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for fifty-eight months, forfeiture of all pay and allowances, and a reduction to the grade of E-1.

PORTER— ARMY 20110470

This case is before us for review under Article 66, UCMJ. Appellant raises four assignments of error to this court, one of which merits discussion and relief. The relief provided in the decretal paragraph renders moot the assignment of error claiming post-trial ineffective assistance of counsel. Appellant's remaining assignments of error are without merit. Additionally, those matters appellant personally raises pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

**BACKGROUND**

Following three-and-a-half days of voir dire, presentation of evidence, instructions, and closing arguments, the panel deliberated and found appellant guilty of failure to obey a lawful general regulation by providing alcohol to Private CA, a person under 21 years of age, and of sexual assault of the same Private CA by engaging in a sexual act with her while she was substantially incapable of declining participation. The defense fully contested the charges not only through cross-examination but also called two witnesses during their case-in-chief. Appellant did not take the stand during the merits portion of his trial, and the military judge appropriately instructed the panel that appellant had an "absolute right to remain silent," and they could not "draw any inference adverse to the accused from the fact that he did not testify as a witness."

After findings, during presentencing, appellant called four witnesses on his behalf who testified favorably about his character and military service. Appellant then concluded by giving an unsworn statement in which he discussed his background as a civilian, multiple personal and family hardships, and his career and achievements in the military. He concluded by discussing the night of the offenses and revealed that he drank more heavily that night than ever before. He explained he had learned about the need to exercise better judgment, to show more respect, and to learn from mistakes, and continued, "I learned and I will take that with the rest of me – to the rest of my life with knowing that I could be a better person, a better Soldier, anything from this."

In the government's sentencing argument, the trial counsel repeatedly emphasized not only that appellant's unsworn statement was not subject to cross-examination but that it did not include an express apology to Private CA or the Army. Separate and apart from those points of focus, the prosecutor commented three different times that appellant had *not denied* committing the offenses of which he had been convicted during his unsworn statement:

> [1] The accused gave an unsworn statement and an unsworn statement can't be cross-examined, but what was significant in that unsworn statement was not what he said, but what he didn't say. Because what he didn't say -

2

- well, what he didn't say first, was that he didn't do it. That you all got it wrong. Okay. He didn't say that . . . .

[2] Specific deterrence is a punishment, sort of a punishment philosophy that goes into what you will give the accused so that he doesn't do it again. So that he is sure to have learned his lesson because of what he did to Private [CA] in that hotel room, that you all found him guilty of, that he didn't say didn't happen, and that he didn't say he was sorry for.

[3] Specific deterrence because nowhere in that unsworn statement, that government couldn't even cross-examine him on, there was no apology. No real recognition of what he did was wrong. Even at the same time, he didn't deny it happened.

The government concluded its argument by urging the panel to adjudge a sentence of a dishonorable discharge and eight years of confinement. The defense counsel did not object to any of these comments nor did the military judge make any effort to curtail or cure them.

**LAW AND DISCUSSION**

Appellant now complains that trial counsel's repeated comments during sentencing argument that appellant never denied the assault during his unsworn statement was improper argument. We agree. "Improper argument is a question of law that we review de novo." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). In the absence of an objection by defense counsel, we review this issue for plain error, and appellant must demonstrate that "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007).

"Trial counsel is at liberty to strike hard, but not foul, blows" during the government's sentencing argument. *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). However, "[a]n accused is supposed to be tried and sentenced as an individual on the basis of the offense(s) charged and the *legally and logically relevant evidence presented*." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (emphasis added). "A sentencing argument by trial counsel which comments upon an accused's exercise of his or her constitutionally protected rights is 'beyond the bounds of fair comment.'" *United States v. Paxton*, 64 M.J. 484, 487 (C.A.A.F. 2007) (quoting *United States v. Johnson*, 1 M.J. 213, 215 (C.M.A. 1975)).

3

Our concern here does not lie in the portions of trial counsel's argument that highlighted the government's inability to cross-examine appellant's unsworn statement nor does it lie in the references to a perceived lack of remorse on the part of appellant. *See Marsh*, 70 M.J. at 105 *and United States v. Breese*, 11 M.J. 17, 23 (C.M.A. 1981) (government counsel may argue that accused's unsworn statement should be given less weight because it was not subject to cross-examination); *United States v. Edwards*, 35 M.J. 351, 355 (C.M.A. 1992) (government counsel may comment, if proper foundation is laid, on accused's lack of remorse in his unsworn statement). Rather, it lies in the conclusion that we find no lawful implication the trial counsel could have been making when arguing the double negative of what the appellant had not denied. *See Baer*, 53 M.J. at 237 (government counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence"). Arguments pointing out that the accused has not said something are often problematic as they necessarily imply "the accused should have said something or suffer the consequences." *United States v. Gibson*, 30 MJ 1138, 1140 (A.F.C.M.R. 1990) (Murdock, J., concurring).

Trial counsel's confusing argument could have been interpreted by the panel in at least two ways, neither of them appropriate. First, the comments could be construed as a comment on appellant's constitutional right to plead not guilty. The government's argument suggested that by pleading not guilty, appellant had put the panel through four days of a contested trial but then failed to render the courtesy of consistency by not then maintaining a denial of wrongdoing in his unsworn statement. We believe such an argument could "convey the intolerable unspoken message that it is proper to punish an accused who has put the prosecution to the test, not just for the crime itself, but also for so inconveniencing the Government." *Johnson*, 1 M.J. at 215.

Second, the argument could have been an improper bolstering of the panel's verdict by the trial counsel's condemnation of the appellant for not at least trying to relitigate the findings or impeach the verdict. Although an accused is provided a wide berth in the content of his unsworn statement, there are certain limits in what matters he may raise before the sentencing authority. *United States v. Grill*, 48 M.J. 131 (C.A.A.F. 1998). Specifically, the Court of Appeals for the Armed Forces has recognized that an accused is generally prohibited from impeaching the findings of the factfinder. *United States v. Sowell*, 62 M.J. 150, 152 (C.A.A.F. 2005). *See also United States v. Johnson*, 62 M.J. 31, (C.A.A.F 2005); *United States v. Teeter,* 16 M.J. 68 (C.M.A. 1983). Government counsel's multiple comments about appellant's failure to deny seem to have implied the panel should garner confidence in their findings of guilty because, after all, the accused himself did not deny the behavior of which he had just been convicted. At a minimum, these comments amounted to an indictment of appellant for failing to do something that he was not allowed to do— impeach the panel's verdict. *Sowell*, 62 M.J. at 152. It is not clear how such an

4

argument relates to or falls within the proper scope of matters in aggravation contemplated by Rule for Courts-Martial 1001(b)(4).

Having established error, we must now determine what, if any, prejudice appellant suffered by balancing (1) "the severity of the improper argument," (2) "any measures by the military judge to cure the improper argument," and (3) "the evidence supporting the sentence . . . ." *Marsh*, 70 M.J. at 107. Ultimately, we must "determine whether 'trial counsel's comments, taken as a whole, were so damaging that we cannot be confident' that [appellant] was sentenced 'on the basis of the evidence alone.'" *United States v. Erickson*, 65 M.J. 221, 224 (C.A.A.F. 2007) (quoting *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005).

Government counsel's comments on appellant's failure to impeach the panel's verdict were not only improper, they were highly prejudicial. They went to the crux of the government's argument on specific deterrence and were an integral component in the government's argument that appellant should receive a dishonorable discharge and eight years of confinement. As noted above, the military judge failed to intervene during the government's argument or provide a curative instruction afterwards. Further, the evidence supporting a sentence of five years to confinement was not overwhelming in light of appellant's service record and mitigation during sentencing. Although the panel ultimately adjudged a less severe sentence than the government urged, the inflammatory and cumulative nature of the comments make it impossible for us to measure the extent of their impact on the panel. We cannot be confident that appellant was sentenced on the basis of the evidence and all reasonable and lawful inferences. Therefore, we conclude he is entitled to a new sentencing hearing. *See Marsh*, 70 M.J. at 107.

In another assignment of error, appropriately accompanied by appellant's affidavit, appellate defense counsel claim ineffective assistance of counsel in the post-trial phase of appellant's court-martial in that trial defense counsel did not submit the clemency matters that appellant wanted to be submitted. Our resolution allowing a new sentencing hearing and the consequent post-trial processing of this case to include a new review and action render this particular allegation of ineffective assistance of counsel moot.

## CONCLUSION

The findings of guilty are affirmed. The sentence is set aside. A rehearing on sentencing may be ordered by the same or a different convening authority, and appellant will be provided representation from a different defense counsel.

PORTER— ARMY 20110470

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court