UNITED STATES

v.

Claude Richard WALLIS, Jr., 419 78 8193, Fireman Recruit (E–1), U. S. Navy.

NCM 76 1156.

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Jan. 1976.

Decided 23 July 1976.

LCDR Stephen C. Glassman, JAGC, USNR–R, Appellate Defense Counsel. CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel. CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before Newton, FULTON and GLADIS, JJ.

GLADIS, Judge:

Pursuant to his pleas appellant was convicted by a special court-martial with members of three specifications alleging possession of marijuana and one specification alleging assault consummated by a battery, in violation of Articles 134 and 128, 10 U.S.C. §§ 934 and 928, UCMJ.[1] The sentence, as approved on review below, consists of confinement at hard labor for two months, forfeiture of $240.00 pay per month for two months, and a suspended bad conduct discharge.[2] Appellant assigns the following error without citation of authority:

> THE MILITARY JUDGE ERRED IN ADMITTING PROSECUTION EXHIBIT 13, A RECORD ENTRY CONCERNING A SUMMARY COURT WHERE IT DOES NOT CONTAIN THE REQUIRED INFORMATION CONCERNING THE OFFENSE, PUNISHMENT AND COUNSEL.

In addition to appellant's assignment of error we shall also consider whether specifications 1 and 2 under the Charge are multiplicious and the effect of the admission into evidence of Prosecution Exhibits 11 and 12 which contained information concerning a previous conviction which had been set aside.

I

Prosecution Exhibit 13, a page P601–7R, Court Memorandum, from the service record of the accused was admitted into evidence without objection by trial defense counsel and published to the court members during the presentencing proceedings. It shows that the accused had a summary court-martial on 21 March 1974 for violations of Articles 86 and 134, UCMJ, and that on 17 April 1974 the supervisory

---

1. Although appellant was charged with possession of marijuana in violation of Article 134 rather than with violation of a general regulation under Article 92, UCMJ, he has suffered no prejudice as a result. The charge was tried at a special court-martial at which the maximum punishment is the same whether a drug offense is charged as a violation of Article 92 or of Article 134. *See United States v. Courtney,* 1 M.J. 438 at p. 439 (U.S.C.M.A.1976), in which the Court tested for prejudice after holding that the accused was erroneously charged under Article 134 vice Article 92.

2. Subsequently the officer exercising general court-martial jurisdiction issued a supplementary special court-martial order vacating suspension of the bad conduct discharge pursuant to Article 72, UCMJ.

authority took the following action: " . . . [sic] CA's action is approved and shall be duly executed . . .." The exhibit contains no description of or additional information concerning the nature of the offenses and no indication of the sentence which was adjudged or approved by the convening authority. No evidence was presented which would remedy these deficiencies. The action of the reviewing authority taken pursuant to Article 65(c), UCMJ, standing alone is not sufficient to prove a previous conviction. *See United States v. Bagley,* No. 73 0787 (N.C.M.R. 26 June 1973). Records or previous convictions which leave the court members or military judge free to speculate as to what offenses the previous convictions involved are inadmissible. A court-martial is required to know the nature of the offenses, not merely the bare fact of conviction. Recitation of the articles of the UCMJ violated does not provide sufficient information. *See United States v. Richards,* 40 C.M.R. 828 (A.B.R.1969); *United States v. Weathersby,* 42 C.M.R. 791 (A.C.M.R.1971). Not knowing what specific offenses resulted in the conviction, the members might have assumed the worst to the detriment of the accused. *See United States v. Roberts,* No. 72 2094 (N.C.M.R. 8 December 1972). Admission of Prosecution Exhibit 13 was error.

## II

■ The prosecution also introduced into evidence and published to the court members during the presentencing proceedings Prosecution Exhibits 11 and 12, which reflected a previous summary court-martial conviction of appellant on 8 March 1974 of three offenses, including one of which the supervisory authority had disapproved the finding of guilty. It was error to include in the evidence of previous convictions presented to the court information pertaining to an offense of which the finding of guilty had been disapproved. *United States v. Stamets,* No. 69 3043 (N.C.M.R. 11 July

3. Appellant was tried on 8 January 1976. Although *United States v. Hughes,* was decided on 19 March 1976 this Court has applied that

1969); *United States v. Cregger,* 31 C.M.R. 394 (N.B.R.1961).

## III

■ Appellant stands convicted of, *inter alia,* three offenses alleging possession of marijuana. Specification 1 alleges wrongful possession of a marijuana cigarette on or about 1015, 5 August 1975, on board USS LEXINGTON. Specification 2 alleges wrongful possession of six grams more or less of marijuana on or about 1030, 5 August 1975 on board LEXINGTON. Specification 3 alleges wrongful possession of 15 grams of marijuana on 18 August 1975 on board LEXINGTON. During the military judge's inquiry into the providency of his guilty pleas, appellant stated that on 5 August 1975 he was apprehended on the flight deck of LEXINGTON with an unlit marijuana cigarette and taken to the master-at-arms office where he consented to a search of his locker. The locker was searched and six grams of marijuana were found. *United States v. Hughes,* 1 M.J. 347 (1976), is dispositive.

In *Hughes* the Court of Military Appeals decided that simultaneous drug possession offenses are multiplicious, stating: "The gravamen of the offense is possession . . . the appropriate inquiry in resolving the multiplicity question presented must focus on the time proximity between the possession offenses charged." The Court found place of possession to be irrelevant and held that multiple possession offenses within a relatively brief time frame are multiplicious. We conclude that specifications 1 and 2 under the Charge alleging possession of marijuana by appellant within a relatively brief period of time on the same date are multiplicious. The military judge erred in failing to instruct the court members that these specifications were multiplicious for sentencing purposes.[3]

decision retroactively. *See United States v. Wilder,* No. 76 0484 (N.C.M.R. 13 July 1976).

## IV

We are unable to find circumstances in this case which indicate that defense counsel affirmatively waived the foregoing errors at trial and decline to invoke the doctrine of waiver. *See United States v. Morales,* 23 U.S.C.M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975). However, it does not necessarily follow that the effect of the errors discussed above was prejudicial to appellant. Prejudice resulted only if the court members were influenced to impose a sentence more severe than they would have had the erroneous evidence not been admitted and had they been properly instructed concerning multiplicity. *See United States v. Smith,* 22 U.S.C.M.A. 342, 46 C.M.R. 342 (1973). Appellant stands convicted of an assault upon a first class petty officer and two separate offenses involving possession of marijuana. Evidence of a prior conviction by summary court-martial and three prior nonjudicial punishments was properly admitted during the presentencing proceedings. There is no apparent risk that appellant was prejudiced by reason of the errors discussed. Nevertheless, out of an abundance of caution we shall reassess the sentence. Upon reassessment we find the sentence as approved below to be appropriate.

The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge FULTON concur.