**UNITED STATES**

v.

**Hugh V. PAGE, 468 74 8573, Private (E–1), U. S. Marine Corps.**

**NCM 77 1535.**

U. S. Navy Court of Military Review.

Sentence Adjudged 20 April 1977.

Decided 14 Nov. 1977.

**684**

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

GREGORY, Judge:

Appellant was tried by a special court-martial military judge, sitting alone. He stands convicted of an unauthorized absence of 35 days, being disrespectful in language toward his superior noncommissioned officer, and assault and battery on this same noncommissioned officer. The sentence, as approved on review below, provides for a bad conduct discharge, confinement at hard labor for 3 months, and forfeiture of $245.00 pay per month for 3 months. The bad conduct discharge has been suspended on probation.

Appellant has assigned the following errors before this Court:

I. THE STAFF JUDGE ADVOCATE'S POST–TRIAL REVIEW MATERIALLY AND SUBSTANTIALLY MISLEAD THE REVIEWING AUTHORITY CONCERNING THE ADMISSIBILITY OF PROSECUTION EXHIBIT 1 THEREBY SUBSTANTIALLY PREJUDICING THE ACCUSED. *UNITED STATES V. WHITE*, 3 M.J. 619 (N.C.M.R.1977).

II. PROSECUTION EXHIBIT 1, A RECORD OF A NONJUDICIAL PUNISHMENT, WAS NOT PROPERLY ADMITTED INTO EVIDENCE WHERE THE DOCUMENT FAILED TO REFLECT WHETHER AN APPEAL WAS PENDING. *UNITED STATES V. WHITE*, 3 M.J. 619 (N.C.M.R.1977).

III. THE EVIDENCE OF RECORD IS NOT SUFFICIENT TO ESTABLISH, BEYOND REASONABLE DOUBT, THAT APPELLANT WAS NOT ACTING IN SELF–DEFENSE.

IV. THE EVIDENCE FAILS TO ESTABLISH, BEYOND REASONABLE DOUBT, THAT CORPORAL GRAHAM HAD NOT ABANDONED HIS CLAIM TO RESPECT AS A RESULT OF HIS CONDUCT.

We do not concur in the assignments of error, and we affirm.

**I and II**

Prosecution Exhibit 1 is a page from appellant's service record book, containing entries as to imposition of nonjudicial punishment on two prior occasions. The second of these entries does not indicate whether the punishment imposed had been appealed. The Marine Corps Individual Records Administration Manual (IRAM), Marine Corps Order P1070.12C, Section 4014.2(a), directs that information as to whether an appeal

was made and action on the appeal, if any, be included in service record book entries concerning nonjudicial punishment. At trial, appellant objected to admission of this second entry, arguing that "there is no indication of finality." (R. 29). The military judge overruled the objection, relying on *United States v. Hiler*, 47 C.M.R. 817 (N.C. M.R.1973), which involved a similar Marine Corps nonjudicial punishment entry and in which this Court held that a presumption arose that such punishment had not been appealed in view of the lapse of time and the absence of any evidence to show that the punishment had been appealed.

In his post-trial review, the staff judge advocate advised the supervisory authority that the military judge had been correct in his ruling. In the response to the staff judge advocate's review pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), and again before this Court, appellant has contended that the military judge and the staff judge advocate were in error. In support of his contention, appellant relies on *United States v. White*, 3 M.J. 619 (N.C.M.R.1977), in which a panel of this Court did not follow *Hiler* and indicated that admission of an entry concerning a prior nonjudicial punishment such as is involved in the instant case would be inconsistent with the requirement that a Government agency abide by its own regulations where the underlying purpose of such regulations is the protection of personal liberties or interests, citing *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975) and *United States v. Russo*, 23 U.S.C. M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).

The requirement noted in *Russo* and *Heflin* cannot be disputed; however, we believe the decision in *United States v. White, supra*, places undue emphasis on the application of this requirement in *Heflin*. In *Heflin*, the Court of Military Appeals was concerned with an Army regulation which required the custodian of personnel records to reflect completion of supervisory authority action on DA Form 20B with respect to summary court-martial convictions. In *Heflin*, the Court found that the absence of the required notation as to supervisory au-

thority action affirmatively established a lack of finality and rendered the document inadmissible. That situation does not exist in the case of Marine Corps nonjudicial punishment service record entries as contemplated by Section 4014.2(a) of the IRAM. There is no automatic appellate review of nonjudicial punishment which would correspond to the required supervisory authority action in the case of a summary court-martial. An appeal of nonjudicial punishment must be initiated by the accused. The absence of a notation as to whether or not a particular nonjudicial punishment has been appealed is actually a neutral circumstance. It could reflect that no appeal was made. On the other hand, it may indicate that an appeal is pending.

▮ The real issue to be confronted in this case would appear to be whether the absence of any notation concerning appeal precludes this service record entry from qualifying for admission into evidence as an official record. We believe not. A mere irregularity or omission in the entry of a fact required to be recorded in an official record does not of itself place the record outside the exception to the hearsay rule and make it incompetent. Only those irregularities or omissions material to the execution of the document would have that effect. *United States v. Tuten*, 15 U.S.C. M.A. 387, 35 C.M.R. 359 (1965); *United States v. Anderten*, 4 U.S.C.M.A. 354, 15 C.M.R. 354 (1954). The only defect in the service record book entry in this case is the omission of any notation as to appeal. As noted previously, an appeal must be initiated by the accused. As a result, in this case the entry fails to inform us whether or not the accused initiated an appeal. This omission may affect the weight to be attached to the document but should not rule out its admissibility. *United States v. Phillips*, 3 U.S.C.M.A. 557, 13 C.M.R. 113 (1953).

We believe that *United States v. Hiler, supra*, adopts the proper rationale concerning nonjudicial punishment entries which fail to note any action as to appeal. *Hiler* analogizes this situation to that of evidence

of a court-martial conviction where the approved sentence requires review beyond the supervisory authority level. In such cases, a court-martial order showing completion of review through the supervisory authority level has consistently been held sufficient to make a *prima facie* showing of a former conviction, recognizing that such showing may be overcome by other evidence in the record or by rebuttal by the accused. *See United States v. Larney*, 2 U.S.C.M.A. 563, 10 C.M.R. 61 (1953); *United States v. Reed*, 23 U.S.C.M.A. 558, 50 C.M.R. 777, 1 M.J. 166 (1975); *United States v. Graham*, 24 U.S.C. M.A. 118, 51 C.M.R. 308, 1 M.J. 308 (1976). *Also see United States v. Heflin, supra*, 23 U.S.C.M.A. at 506, n. 4, 50 C.M.R. at 645, n. 4, 1 M.J. at 132, n. 4.

The theory behind *Larney* and its successors and also *Hiler*, whereby a *prima facie* showing of finality is presumed, rests upon the passage of time. If sufficient time has elapsed that review of a court-martial or action on a nonjudicial punishment appeal would ordinarily have been completed, it may be presumed that such a conviction or nonjudicial punishment is final in the absence of evidence to the contrary. In the case of this appellant, his prior nonjudicial punishment was awarded on 21 December 1976 while this trial was held on 20 April 1977, a lapse of 4 months. In the absence of unusual circumstances, a nonjudicial punishment appeal should be submitted within 15 days after the punishment was awarded. Paragraph 135, MCM, 1969 (Rev.); Section 0101(b)(1), Manual of the Judge Advocate General. Sufficient time would appear to have passed in this case for action to have been completed on any appeal of appellant's prior nonjudicial punishment. In addition, there is no indication from the record of trial that any appeal was ever made.

We believe a clear distinction exists between the situation in this case where mention of appeal is absent and that where the service record book entry indicates an appeal has been made but fails to indicate whether the appeal has been granted or denied. In this latter set of circumstances, this Court has correctly held that a lack of finality appears in the document itself and the entry is not admissible. *See United States v. Scharbach*, No. 75 2040 (N.C.M.R. 24 February 1976); *United States v. Lowe*, No. 76 0406 (N.C.M.R. 8 July 1976); *United States v. Henderson*, No. 76 1444 (N.C.M.R. 10 September 1976). In the case at bar, however, there is no reason not to draw the presumption of finality.

Accordingly, we find that the military judge and the staff judge advocate were correct in their conclusion that the evidence of appellant's prior nonjudicial punishment was admissible in this case.

### III and IV

■ Appellant also contends that the evidence is insufficient to establish beyond a reasonable doubt that he was not acting in self-defense at the time of the alleged assault and battery and that the noncommissioned officer had not abandoned his right to respect by his conduct immediately prior to the alleged disrespect offense. Resolution of these two issues depends upon an evaluation of the credibility of the witnesses at trial.

The testimony of appellant and that of the noncommissioned officer were diametrically opposed on these points. Appellant indicated that there were other witnesses to what transpired; however, none were brought forward to testify at trial and appellant's testimony remains largely selfserving. On the other hand, the testimony of the noncommissioned officer, who was the Duty NCO at the time, was supported in large measure by the Assistant Duty NCO who observed most of what transpired between the two parties.

Recognizing that the trial court saw and heard the witnesses, Article 66(c), UCMJ, 10 U.S.C. § 866(c), we are also convinced beyond a reasonable doubt that appellant was not acting in self-defense and that the noncommissioned officer did not abandon his claim to respect.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge ROOT concurs.

CEDARBURG, Chief Judge (concurring):

I concur. I specifically adopt the rationale of Judge Gregory in his disposition of the admissibility of the record of nonjudicial punishment. My concurrence in *United States v. White*, 3 M.J. 619 (N.C.M.R.1977), which supported a contrary viewpoint, resulted from insufficient allowance being given to the fact that, unlike court-martial convictions with automatic statutory review prior to finality, nonjudicial punishment requires the accused to initiate an appeal. In the absence and grant thereof, finality attaches. The omission in the record of non-judicial punishment, of reference to an appeal, even though required by the applicable regulation, was not material to the execution of the recordation of punishment.