**UNITED STATES**

v.

**Johnny N. BROWN, 453 27 4364, Airman Apprentice (E–2), U. S. Naval Reserve.**

**NCM 80 0927.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 Aug. 1979.

Decided 20 Nov. 1980.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge, and DONOVAN and GLADIS, JJ.

GREGORY, Senior Judge:

Appellant was tried before officer and enlisted members at a special court–martial for larceny of $102.35 worth of personal property in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921, housebreaking with intent to commit larceny therein in contravention of Article 130, UCMJ, 10 U.S.C. § 930, and unlawful entry into the same place, a lesser included offense of that alleged in Charge II, couched as a violation of Article 134, UCMJ, 10 U.S.C. § 934. Convicted of stealing, by exceptions, one watch valued at

$75.00 and of the remaining two charges, appellant was sentenced to reduction to pay grade E–1 and a bad–conduct discharge. The convening authority disapproved the findings of guilty as to the unlawful entry charge and its specification but, on reassessment, approved the sentence awarded; this sentence was also approved by the supervisory authority.

## I

■ In his initial assignment of error, appellant contends for the first time that his court–martial was improperly constituted and was therefore without jurisdiction because the enlisted members of his court were from his same unit, contrary to Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1). Since such a defect if it existed would go to the jurisdiction of the court, the failure to raise the issue at trial does not constitute a waiver. *See United States v. Scott*, 25 C.M.R. 636 (A.B.R.1957); *United States v. Cook*, 16 C.M.R. 404 (N.B.R.1954). *See also United States v. Glidden*, 34 C.M.R. 577 (A.B.R. 1963); *United States v. Harris*, 34 C.M.R. 522 (A.B.R.1962). It appears the two enlisted members of appellant's court were both from squadrons embarked on the USS RANGER (CV–61), which was appellant's unit at the time of the offense as well as at the time of trial.[1]

Article 25(c)(1) states that:

Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts–martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial....

The term "unit" is defined at Article 25(c)(2) as "any regularly organized body as defined by the Secretary concerned, but in no case may it be a body larger than a company, squadron, ship's crew, or body corresponding to one of them." This definition is further defined, as regards the Navy and Coast Guard, in the *Manual for Courts–Martial, 1969 (Rev.)* (MCM), at paragraph 4 b, which describes a "unit" as "a ship, company, detached command, or other organization for which a separate unit personnel diary is prepared."

■ The accused's unit was USS RANGER (CV–61); he was a member of the ship's company, and it was the ship which carried appellant on its unit personnel diary. In contrast, both enlisted members of appellant's court were members of their respective squadrons and were carried on the unit personnel diaries of those squadrons. The diaries of those squadrons remained separate from that of the ship and, hence, the legal and actual identity of those squadrons remained intact, notwithstanding their deployment on board RANGER and notwithstanding the authority of the ship's commanding officer to exercise special or summary court–martial jurisdiction over the members of the embarked squadrons, JAGMAN § 0107c, and to impose non–judicial punishment on the members of those units, JAGMAN § 0101b(3). As with any large military base with many tenant commands, each with its own separate diary, or as with any battalion with its several companies, there is bound to be some professional as well as social interaction among the individual members; but those commands and those companies remain "units" within the definitions set out by the UCMJ and the *Manual* as long as they retain their own unit personnel diary separate from the greater command.[2] We are thus compelled as a legal as well as a practical matter to find that the squadrons embarked on board the aircraft carrier to which appellant was attached were separate units in the sense of Article 25(c)(1) and that the court had jurisdiction to try appellant.

## II

■ The second assignment of error also merits some discussion; appellant there summarily argues that Prosecution Exhibit 4, a Navy Occupation/Training and Awards

---

1. One member was attached to Attack Squadron One Forty–Five; the other was a member of Helicopter Squadron Four.

2. Battalions or other large commands performing centralized personnel administration for their companies or other separate components may not necessarily thereby dissolve the components' independence.

History (NAVPERS 1070/604) from his service record book, was improperly admitted in aggravation over his objection because he did not acknowledge in writing an adverse entry nor was he given the opportunity to rebut the entry, contrary to Article 1110, *U. S. Navy Regulations, 1973,* and *Bureau of Naval Personnel Manual* (BUPERSMAN) Article 5030420. The exhibit consists of two pages and shows appellant's enlisted classification code, his advancement to pay grade E–2, his successful completion of two military schools, and the allegedly adverse entry, that is, that appellant was "Dropped for Cheating" from a military course of instruction.

The government concedes that the entry in question was adverse to appellant's interests; they argue, however, that the entry was not offered in aggravation but to rebut evidence of appellant's good character and performance of duty as presented by the defense during presentencing and was thus admissible pursuant to paragraph 75e, MCM, and *United States v. Ferris,* No. 77 1616 (NCMR 30 November 1977) (unpublished). Such a concession is consistent with the prior decision of this Court in *United States v. Swist,* No. 77 1616 (NCMR 30 November 1977) (unpublished), in which it was found that an administrative remark on a page 13 entry in Swist's service record relating to a civilian conviction for breaking and entering and for larceny was derogatory and therefore inadmissible because the entry was not acknowledged in writing by Swist contrary to BUPERSMAN Article 5030320. Upon closer scrutiny, however, we are of the opinion that such matter as we have in the case *sub judice,* and as was considered in *Swist,* was neither "adverse matter," as intended by Article 1110, *U. S. Navy Regulations, 1973,* nor an "entry of a derogatory nature," as contemplated by BUPERSMAN Article 5030420 so as to require an acknowledgment in writing or an opportunity for the member concerned to rebut. We believe that the intent behind those regulations is to prevent the entry into a service member's jacket without his knowledge of such information as would constitute an adverse *opinion* as opposed to a matter of *fact* without his knowledge and

without permitting him the opportunity to rebut the opinions contained in the entry.

The material in issue before this Court, as was that in *Swist,* is adverse in the general sense of the word; but we do not believe that it is " 'adverse matter' within the expanded meaning of that term." Opinion of the Judge Advocate General of the Navy JAG: 131.4:JLW:cse Ser. 13/5124 of 7 Mar. 1978 (enclosure (14) to *Off The Record* Issue No. 73) (discussing the historical background and present impact of Article 1110, *U. S. Navy Regulations, 1973* ). Insofar as *Swist* leaves the impression that entries of a purely factual matter, such as in the case *sub judice,* cannot be used during the presentencing stage in accordance with paragraph 75d, MCM, because of a failure of acknowledgment or of an opportunity to rebut, it is rejected. The report of the reasons behind the dropping of the accused from a military school was purely factual and there was no need for appellant to acknowledge or be given the opportunity to rebut.

Appellant's remaining summary assignment of error also lacks merit.

Accordingly, the findings and sentence as approved below are affirmed.

Judge DONOVAN and Judge GLADIS concur.