### UNITED STATES

v.

**Andres ARISPE, 465 13 1514, Seaman Apprentice (E–2), U. S. Naval Reserve.**

**NMCM 81 0037.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 April 1980.

Decided 15 Sept. 1981.

---

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before GLADIS, BOHLEN and BYRNE, JJ.

GLADIS, Senior Judge:

At a special court-martial bench trial, appellant, in accordance with his pleas, was found guilty of six specifications of unauthorized absence totalling nearly 250 days, violations of Article 86, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 886. The trial judge sentenced appellant to confinement at hard labor for 3 months, forfeiture of $299.00 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority, pursuant to a pretrial agreement, approved the sentence but suspended all confinement in excess of 60 days for a period of 1 year from the date of trial. The supervisory authority approved the sentence as approved by the convening authority.

During the presentencing phase of trial, Government counsel introduced, pursuant to paragraph 75*d, Manual for Courts-Martial, 1969 (Rev.)* (MCM), several "page 7" (NAVPERS 1070/607) court memoranda entries from appellant's service record. Trial defense counsel objected to admission of one of these documents, Prosecution Exhibit 5 (PE–5), on the grounds that Block 42 did not sufficiently describe the offense charged by stating the specific general regulation which was violated. Block 42 of PE–5 states:

> 77 Nov 14: CO'S NON JUDICIAL PUNISHMENT: VIOLATION OF UCMJ, ART 92—VIOLATION OF A LAWFUL

GENERAL REGULATION. SENTENCE AS ADJUDGED: REDUCTION TO NEXT INFERIOR PAY GRADE, FORFEITURE OF ½ MONTHS PAY PER MONTH FOR TWO MONTHS, RESTRICTED TO SHIP FOR 45 DAYS, EXTRA DUTIES FOR 45 DAYS.

The trial judge summarily overruled defense counsel's objection. On the basis of this objection and ruling, appellant argues error in that the document was defective in a manner which was material to its execution; therefore, the document was not official and consequently hearsay. We disagree.

Paragraph 75*d*, MCM, allows for sentencing purposes the presentation of any personnel record of the accused which reflects his past conduct and performance provided that the record offered is properly authenticated and maintained in accordance with departmental regulations. Regulations relevant to appellant's assigned error are in JAGMAN, § 0117 and PAYPERSMAN, § 90436*c*(43)(b). Matters presented in aggravation or extenuation and mitigation for purposes of sentencing must comply with the rules of evidence as noted in paragraphs 76*a*(2) and 75*c*, MCM. *See also* MRE 1101(c).[1]

A mere irregularity or omission in the entry of a fact required to be rendered in an official record does not of itself place the record outside the exception to the hearsay rule and make it incompetent. Only those irregularities or omissions material to the execution of the document would have that affect. *United States v. Page*, 4 M.J. 683, 685 (N.C.M.R.1977). In this instance, the questioned entry is noted with sufficient clarity to satisfy the requirement of PAYPERSMAN, § 90436*c*(43)(b). *United States v. Nordstrom*, 5 M.J. 528 (N.C.M.R. 1978), *pet. denied* 5 M.J. 306 (C.M.A.1978). The omission of the specific regulation transgressed may effect the weight to be attached to the document but should not rule out its admissibility. *United States v. Page, supra* at 685.

---

1. The most recent amendments to the *Manual* significantly alter presentencing procedures and the rules of evidence which control that stage of trial. *See* Exec. Order No. 12315, 46 CFR 147 (31 July 1981), pp. 39107–39111. These provisions should be reviewed and referred to for subsequent use under the same circumstances as presented here.

The Government brings to our attention one other closely related issue of due process regarding PE–5 that was not addressed by appellant: whether this document sufficiently describes the nature of the offense to prevent any improper speculation? *See United States v. Wallis,* 1 M.J. 975 (N.C.M.R.1976).[2] We believe that it does. When the general nature of the offense is noted in a manner that does not affect the material execution of the document, the sentence adjudged is noted, and the forum of adjudication was the administrative, disciplinary proceeding of nonjudicial punishment, Article 15, UCMJ, the nature of the offense is sufficiently described to prevent the detrimental speculation addressed in *United States v. Wallis, supra. See United States v. Nichols,* No. 80 1268, 9 MLR 2220, (N.C.M.R. 9 January 1981).

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge BOHLEN and Judge BYRNE concur.

---

**2.** In *United States v. Wallis, supra* at 977, we said:

Records or previous convictions which leave the court members or the military judge free to speculate as to what offenses the previous convictions involved are inadmissible. A court-martial is required to know the nature of the offenses, not merely the bare fact of a conviction. Recitation of the articles of the UCMJ violated does not provide sufficient information.