**UNITED STATES**

v.

**Bret Lynn ANDERSON, 543 78 4814, Fireman Recruit (E–1), U. S. Navy.**

**NMCM 80 2052.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 March 1980.

Decided 21 Sept. 1981.

LT Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before BAUM, ABERNATHY and KERCHEVAL, JJ.

KERCHEVAL, Judge.

Appellant asserts two assignments of error for our consideration. The first, a jurisdictional issue, is summarily rejected in accordance with *United States v. Stone*, 8 M.J. 140 (C.M.A.1979). We find, however, appellant's second assignment to have merit.

In his second assignment appellant asserts as error the introduction into evidence of Prosecution Exhibits 1 and 2 during the presentencing stage of his trial. Prosecution Exhibit 1 was an Enlisted Performance Evaluation and Prosecution Exhibit 2 was a Page 13 from appellant's service record. The basis of appellant's assertion is that the documents constituted inadmissible hearsay not falling within either the official record or business entry exceptions in that they were not prepared in accordance with Paragraphs 3410150.2, 3410150.11,[1] and 3410150.12, Bureau of Na-

---

1. Appellant's assertion that Paragraph 3410150.11, BUPERSMAN, was not complied with is without merit. That paragraph provided that "[w]hen a mark of less than 3.0 is assigned in any trait and the service record does not contain an entry during the marking period to substantiate such a mark, a Page 13 entry of explanation is required." Prosecution Exhibit 2, a Page 13 from appellant's service record, demonstrates that this provision was complied with, even though that document in itself does not completely substantiate the low

val Personnel Manual (BUPERSMAN). The admission of both documents was properly objected to by trial defense counsel.[2]

The documents in question were prepared on 1 February 1979 and 19 March 1979. The pertinent provisions of Paragraph 3410150.2, BUPERSMAN, then in effect are as follows: [3]

> Members serving in pay grades E–4 and below, shall sign and date the [evaluation] report on the lower left hand side. . . . Should the member refuse to sign, or is not available for signature, the words "refused to sign" or "not available for signature" should be entered in the signature block in lieu of the signature; however, "not available for signature" should only be used in extraordinary circumstances.

Neither appellant's signature nor an explanation for its omission appears on the Enlisted Performance Evaluation as required by Paragraph 3410150.2, BUPERSMAN. This paragraph applies whether or not the information contained on the report is adverse to the service member. In the instant case, however, the evaluation contained adverse matter because appellant's performance marks thereon were less than 3.0, for Paragraph 3410150.12, BUPERSMAN, provided that:

> Additionally, NAVREGS, 1973, Art. 1110, precludes the filing of adverse material in a person's record without his knowledge. Although not inclusive, the following examples are considered matter of an adverse nature: any performance mark less than 3.0 for personnel E–1 to E–4 . . .

Since adverse matter is involved the provisions of Article 1110, *U. S. Navy Regulations (1973)*, and Paragraphs 3410150.12 and 5030420.3, BUPERSMAN, must also be complied with in the preparation of the above documents.[4]

---

marks in appellant's Enlisted Performance Evaluation. Prosecution Exhibit 2 contains the following entry:

> Assigned marks of 2.0 in professional performance and military behavior and 2.8 in military appearance and adaptability for the marking period 23 September 1978 to 31 January 1979. See 26 December NAVPERS 1070/613(5) entry. Additionally, FR Anderson on [un]authorized absence from 0745, 20 January 0830, 22 January 1979. Before appropriate disciplinary action could be taken on this absence, FR Anderson was absent over liberty from 0745, 1 February to 0915, 7 February 1979 and declared a deserter 8 March 1979 having been an unauthorized absent [sic] from USS MEYERKORD (FF 1058) since 1000, 7 February 1979. Therefore, FR Anderson not available to make written statement to this adverse service entry as required by Article 3410150 BUPERSMAN and Article 1110, U. S. Navy Regulations, 1973.

The above Page 13 entry partially explains the low marks on appellant's Enlisted Performance Evaluation because of a 2-day unauthorized absence. The entry also gives directions to another Page 13, dated 26 December 1978. We do not have a copy of the 26 December 1978 Page 13, but because of the presumption of regularity in the preparation of service documents, *see, e. g., United States v. Mack*, 9 M.J. 300, 322 (C.M.A.1980); *United States v. Moore*, 8 U.S.C.M.A. 116, 23 C.M.R. 340 (1957); *United States v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951), we find that the requirements of Paragraph 3410150.11, BUPERSMAN, are substantially complied with in light of the two Page 13 entries.

2. Paragraph 75*d, Manual for Courts-Martial 1969 (Rev.)* (MCM), provides that objections not asserted to evidence introduced from the accused's service record during presentencing are waived. *United States v. Bowman*, No. 80 0208 (N.C.M.R. 20 May 1980); *United States v. McIntyre*, No. 79 1182 (N.C.M.R. 16 November 1979), *pet. denied*, 9 M.J. 402 (C.M.A.1980).

3. All references to BUPERSMAN pertain to those provisions in effect at the time the contested documents were prepared.

4. Two recent Navy Court of Military Review decisions interpret the meaning of "adverse matter" within the context of Article 1110, *U. S. Navy Regulations, 1973. See United States v. Shelwood*, 10 M.J. 755 (N.C.M.R.1981); *United States v. Brown*, 10 M.J. 589 (N.C.M.R. 1980). *United States v. Shelwood, supra*, and *United States v. Brown, supra*, are distinguishable from the instant case in that the contested entries in those appellants' service records were found not to be adverse matter because the entries constituted facts as opposed to opinions. *See United States v. Shelwood, supra* at 760 (Appendix B). As noted in the text of this opinion Paragraph 3410150.12, BUPERSMAN, specifically defines a performance mark entry of less than 3.0 as adverse matter. The Court in *United States v. Brown, supra*, also examines the meaning of "an entry of a derogatory nature" as intended by Paragraph 5030420.3, BUPERSMAN.

Article 1110, *U. S. Navy Regulations, 1973* provides as follows:

Adverse matter shall not be placed in the record of a person in the naval service without his knowledge. Except for the medical and dental entries referred to in the following article, such matters shall be first referred to the persons reported upon for such statement as he may choose to make. If the person reported upon does not desire to make a statement, he shall so state in writing.

Paragraph 3410150.12, BUPERSMAN, provides in pertinent part that:

Reports [of Enlisted Performance Evaluations] containing matter of an adverse nature must be referred for statement pursuant to Navy Regulations. The statement of the member must be endorsed by the commanding officer. If the member does not desire to make a statement, a Page 13 entry shall be prepared and signed by the member stating that the member does not desire to make a statement concerning the adverse report.

In addition, Paragraph 5030420.3, BUPERSMAN, required that "[a]ny [Page 13] entry of a derogatory nature must be acknowledged in writing by the member concerned."

█ Neither the documents introduced into evidence nor the record of trial reflect compliance with the above regulations. Prosecution Exhibit 2 does explain that appellant was initially not available to make any required written statements because of unauthorized absences subsequent to the preparation of the documents, *see* footnote 1, but does not indicate why the statements were not recorded between the termination of his last unauthorized absence and the date of trial. It is well-established in military as well as civilian law that a government agency is required to "abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests." *United States v. Russo*, 1 M.J. 134, 135 (C.M.A.1975), *citing American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). *See e. g., United States v. White*, 3 M.J. 619 (N.C.M.R.1977).

This Court held in *United States v. Page*, 4 M.J. 683 (N.C.M.R.1977), that "[a] mere irregularity or omission in the entry of a fact required to be recorded in an official record does not of itself place the record outside the exception to the hearsay rule and make it incompetent. Only those irregularities and omissions material to the execution of the document would have that effect." *Id.* at 684, citing *United States v. Tuten*, 15 U.S.C.M.A. 387, 35 C.M.R. 359 (1965); *United States v. Anderton*, 4 U.S.C.M.A. 354, 15 C.M.R. 354 (1954). The Court went on to hold that such an "omission may affect the weight to be attached to the document but should not rule out its admissibility." *Id.*, citing *United States v. Phillips*, 3 U.S.C.M.A. 557, 13 C.M.R. 113 (1953). In *United States v. Page, supra*, the contested omission was a required notation indicating whether or not the accused initiated an appeal. *Id.*

█ The omissions in the instant case, however, are the same as occurred in *United States v. Mitchell*, No. 78–0228 (N.C.M.R. 12 September 1978). In *United States v. Mitchell, supra*, an enlisted performance evaluation containing adverse matter similarly had not been signed by the accused in accordance with Paragraphs 3410150 and 5030200, BUPERSMAN. We held that the documents were inadmissible because the regulations not complied with were promulgated to insure that a servicemember has knowledge of adverse matter in his service record so that he may rebut it if he so desires. "This is an important right and should not be equated with mere omissions of relatively unimportant material from a service record." *Id.* Thus, the omissions in *United States v. Mitchell, supra*, and the instant case are among those contemplated

by the Court in *United States v. Page, supra,* as being "material to the execution of the document...," *id.* at 684, and render the service record documents inadmissible. Accordingly, we find merit in assignment of error II and will reassess the sentence in light of this error. Upon reassessment, we find the sentence to be appropriate.

The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge ABERNATHY concur.