### UNITED STATES

v.

**Steven Paul PHILLIPS, 021 54 0401, Mess Management Specialist Seaman (E–3), U. S. Navy.**

**NMCM 81 2891.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 April 1981.

Decided 26 Feb. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Philip J. Shebest, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *United States v. Brown*, 10 M.J. 589 (N.C.M.R. 1980). Accordingly, the findings and sentence as approved on review below are affirmed.

BAUM, Senior Judge (dissenting):

Appellant has assigned one error before this Court contending that prosecution exhibit 3, a Navy Occupation/Training and Awards History record (NAVPERS 1070/604) admitted into evidence over appellant's objection, contains adverse personal opinion concerning him and that he should have been warned of and given the opportunity to rebut the entry pursuant to

1. JAG ltr JAG: 131.4:JLW:cse 13/5124 of 7 March 1978, reprinted in its entirety in *United*

Article 1110, *U. S. Navy Regulations, 1973,* and Bureau of Naval Personnel Manual (BUPERSMAN) Article 5030420.

The complained of prosecution exhibit 3 indicates that appellant was "dropped for motivation" from Naval Submarine School. Government counsel argues that the fact that appellant was "dropped for motivation" from submarine school is not "adverse matter" requiring a warning pursuant to Article 1110, *United States Navy Regulations, 1973.* My brothers, in summarily finding no prejudicial error in this case, have apparently adopted the Government's view. I disagree.

Article 1110, *U. S. Navy Regulations, 1973* provides that:

Adverse matter shall not be placed in the record of a person in the naval service without his knowledge .... such matters shall be first referred to the person reported upon for such statement as he may choose to make. If the person reported upon does not desire to make a statement, he shall so state in writing.

This Court, following an opinion rendered by the Judge Advocate General of the Navy,[1] has held that the requirements of Article 1110, *U. S. Navy Regulations, 1973* apply only to "adverse *opinion* as opposed to a matter of *fact.*" *United States v. Brown,* 10 M.J. 589, 591 (N.C.M.R.1980); *United States v. Shelwood,* 10 M.J. 755 (N.C.M.R. 1981). In a separate opinion in *Shelwood,* I rejected this approach. I adhere to the views expressed in that opinion and would find merit in appellant's assignment on this basis alone. In addition, however, I believe that application of the rule in *Brown* requires rejection of prosecution exhibit 3 in this case.

That appellant was dropped from submarine school is undoubtedly a fact. Furthermore, I would agree that his being dropped from school for lack of motivation is also a fact. However, the conclusion expressed in prosecution exhibit 3 that appellant lacked motivation while at submarine school is in

*States v. Shelwood,* 10 M.J. 755, 760 (N.C.M.R. 1981).

my view clearly an adverse opinion and, as such, triggered the Navy Regulations requirements encompassed in Article 1110 pursuant to the holding in *United States v. Brown, supra.* These requirements were not met and rendered the entry inadmissible.

For these reasons, I find merit in appellant's assignment and would provide appropriate relief by reducing the forfeitures.