UNITED STATES

v.

Ollie D. JOHNSON, 332 64 9745, Private First Class (E–2), U. S. Marine Corps.

NMCM 81 1462.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 Sept. 1980.

Decided 22 July 1982.

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Michael P. Cogswell, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

PER CURIAM:

Appellant cites as prejudicial error the actions of the trial counsel in altering a *Booker* rights acknowledgement form offered as a prosecution exhibit in presentencing which appellant alleges was an otherwise inadmissible document. The alteration, the making of which trial counsel has admitted, consisted of his adding the date of appellant's acknowledging signature which had been omitted from the space provided for that purpose. The form, otherwise complete, was executed in accordance with the requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977) and was admitted into evidence without defense objection as part of the total documentation package maintained by the appellant's command in its Unit Punishment Book as nonjudicial punishment. That act of Government counsel was done in contravention of applicable standards of ethical conduct. *See* Standards Relating to the Prosecution Function, §§ 3–5.6 and 3–6.2 (1979); and Manual of the Judge Advocate General (JAGMAN), § 0142.

Although this Court will not condone such lamentable conduct, even where the offending counsel's misguided intentions showed no sign of malevolent design, appellant has suffered no prejudice whatsoever by the counsel's impropriety. The document would have been, and is, admissible

even without a date. *See United States v. Page,* 4 M.J. 683 (N.C.M.R.1977). When viewed as a whole, it was evident the rights form pertained to the nonjudicial punishment in question and had been completed prior to appellant's acceptance of that punishment.

Even if this Court were to find the form inadmissible and by trial counsel's act appellant was somehow deprived of his opportunity to object at trial, we find the evidence of this single nonjudicial punishment was without significant impact for sentencing purposes. The offenses punished therein had occurred fourteen months before the first offense alleged in the instant case. Of real significance to this case with regard to sentencing was evidence of a prior special court-martial conviction for a three month unauthorized absence and an assault and battery for which appellant had completed serving his sentence in confinement the month prior to the offenses alleged herein. Finally, appellant can hardly claim by this act of trial counsel alone there was created in the mind of the military judge the image of a recidivist where appellant's own evidence accepted in presentencing placed before the military judge the fact of another nonjudicial punishment nearly two years earlier at which appellant had been reduced to the rank of private. See Defense Exhibit A.

 In addition to requesting relief on the basis of the perceived prejudice resulting from trial counsel's act, appellant requests that relief be granted as a deterrent to further government impropriety of a like nature. This is not necessary, however, inasmuch as sufficient safeguards are available. *See* JAGMAN, § 0142. Indeed, a report of this misconduct has apparently been made.

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.