**UNITED STATES**

v.

**Ollie D. JOHNSON, 332 64 9745, Private First Class (E-2), U. S. Marine Corps.**

**NMCM 81 2053.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 Feb. 1982.

Decided 15 Sept. 1982.

LT Earl B. Taylor, JAGC, USNR, Appellate Defense Counsel.

LT Michael P. Cogswell, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

MALONE, Judge:

Appellant, in accordance with the terms of his pretrial agreement, plead guilty at a general court-martial bench trial to, and was convicted of, the offense of aggravated assault upon Lance Corporal Berta by shooting at him with a shotgun in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 828. Two other related specifications were withdrawn. He was sentenced to be reduced to pay grade E-1; to serve one year and eight months confinement at hard labor; to forfeit all pay and allowances; and to be discharged from the U. S. Marine Corps with a bad-conduct discharge. The convening authority determined that a record of nonjudicial punishment offered during presentencing proceedings was erroneously admitted into evidence and reassessed the sentence. Upon reassessment, the convening authority approved the sentence as adjudged while suspending all confinement in excess of 18 months as provided in the terms of the pretrial agreement.

Two issues are raised by appellant for our consideration.

### I

THE GOVERNMENT FAILED TO JOIN ALL KNOWN CHARGES AGAINST APPELLANT FOR TRIAL AT ONE COURT–MARTIAL.

### II

APPELLANT WAS SUBSTANTIALLY PREJUDICED BY THE TRIAL COUNSEL'S UNAUTHORIZED ALTERATION OF AN OTHERWISE INADMISSIBLE DOCUMENT WHICH WAS LATER OFFERED AGAINST THE APPELLANT AT THE PRESENTENCING PORTION OF THE TRIAL.

### I

The offense of which appellant stands here convicted occurred on 25 June 1980. Appellant was not immediately implicated in the commission of this crime, however. On 17 July 1980, appellant was placed in pretrial confinement for offenses unrelated to that which was the subject of the court-martial below. He was subsequently convicted of those other offenses at

special court-martial on 29 September 1980. In the meantime, appellant's complicity in the Berta assault was revealed to the Government for the first time on 8 September 1980.

At the special court-martial, appellant moved to abate those proceedings so as to permit the joinder of the offenses upon which appellant was arraigned below. The military judge declined to do so, however, reasoning the issue was not yet ripe inasmuch as the instant offense had yet to be referred. Because the clock was rapidly running against the Government due to appellant's status in pretrial confinement, the military judge stated that it was wiser to proceed to trial in order that the Government not be put in jeopardy of a speedy trial issue arising from the *Burton* 90 day presumption [1] and that appellant's motion to join all offenses at one court, in compliance with established executive policy, paragraphs 30*g*, 32*c*, and 33*h*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), would be more properly handled by defense motion at a subsequent trial of the newly discovered offenses, if there should be one.

Appellant at the earlier trial then offered to waive any speedy trial issue attending those offenses then before that court in order that appellant be tried on all charges at one court, citing *United States v. Ward,* 1 M.J. 21 (CMA 1975).

Appellant argues that his motion to abate the proceedings in the earlier court and his motion to dismiss the instant offenses for failure of joinder falls within the *Ward* ruling. That case, however, involved an accused's motion to dismiss for lack of speedy trial due to the delays encountered by the Government when, as in the instant case, additional charges were discovered after the accused had already been placed in confinement pending trial on other charges. Unlike this case, however, the Government in *Ward* delayed proceedings beyond the 90-day threshold so as to comply with the policy of joinder of all offenses at one trial. Judge Cook, writing for the *Ward* Court, opined that in assessing the conflicting interests of speedy trial and joinder of all offenses, the concerns of the accused were paramount to those of the Government when deciding whether or not it is advantageous to delay a trial so as to add further charges. Therefore, in the absence of other considerations, an accused's desire to delay the trial in order to join the additional charges is the first concern of the trial court. *See Ward* at 24.

Other factors were present, however, which were given due consideration by both courts below in deciding that the policy of joinder should be forsaken in spite of appellant's attempted waiver of any speedy trial issue. In this case, the accused's battalion was scheduled imminently for deployment, which would result in the removal of six witnesses to the special court-martial from the situs of the trial. A seventh witness was soon to be discharged from the Marine Corps and could not otherwise be held involuntarily beyond his enlistment. For these reasons, the Government acted properly within its discretion not to try all charges known to exist against appellant at one trial. *United States v. Gettz,* 49 CMR 79 (NCMR 1974); *United States v. Adamson,* 33 CMR 633 (NBR 1963). This issue is without merit.

## II

 Contrary to appellant's assertion, he has suffered no prejudice from the use of the subject nonjudicial punishment in sentencing. See this Court's *per curiam* opinion in *United States v. Johnson,* 14 MJ 566 (NMCMR 1982).

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge GLADIS and Judge BYRNE concur.

---

1. *United States v. Burton,* 21 USCMA 112, 44 CMR 166 (1971).