UNITED STATES, Appellee,

v.

Johnny N. BROWN, Airman Apprentice, U.S. Naval Reserve, Appellant.

No. 41472.

CM 80–0927.

U.S. Court of Military Appeals.

July 5, 1983.

For Appellant: *Lieutenant Commander W.P. Caruthers,* JAGC, USN (on petition).

For Appellee: *Captain T.C. Watson, Jr.,* JAGC, USN, *Major Charles Wm. Dorman,* USMC (on petition).

*Opinion of the Court*

PER CURIAM:

Appellant was convicted, by a special court-martial with members, of larceny and housebreaking, in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930, respectively. His approved sentence extends to a bad-conduct discharge and reduction to the lowest enlisted grade. A "page 4" (Navy Occupation/Training and Awards History) from appellant's service record book was admitted into evidence, over defense objection, in aggravation of sentence. The document reflected, among other things, that appellant had been "Dropped for Cheating" from a Navy training course. There is no evidence that appellant was ever apprised of this

entry or offered an opportunity to make comment on it in writing.

■ Paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition), the version of which was in effect at the time of appellant's trial, provided:

> Under regulations of the Secretary concerned the trial counsel may, prior to sentencing, obtain and present to the military judge any personnel records of the accused or copies or summaries thereof . . . . Personnel records of the accused include all those records *made or maintained in accordance with departmental regulations* which reflect the past conduct and performance of the accused.

(Emphasis added.)

United States Navy Regulations, 1973, Article 1110, provides:

> Adverse matter shall not be placed in the record of a person in the naval service without his knowledge . . . . [S]uch matters shall be first referred to the person reported upon for such statement as he may choose to make. If the person reported upon does not desire to make a statement, he shall so state in writing.

In *United States v. Shelwood,* 15 M.J. 222 (C.M.A.1983), we had occasion to examine certain derogatory remarks which appeared in a Marine service record book, and we found them to be adverse within the meaning of Article 1110, *supra.* As there was no evidence that Shelwood had been both apprised of the entries and offered an opportunity to make a written statement, we concluded that the records were not maintained in accordance with departmental regulations and were inadmissible in aggravation of sentence under paragraph 75d,

Manual, *supra.* Similarly, we regard the comment on appellant's conduct to be adverse and inadmissible under paragraph 75-d, Manual, *supra.*

■ As an alternate theory of admissibility, the Government argues that the entry served to rebut evidence submitted by appellant in extenuation and mitigation of sentence, and was admissible under paragraph 75e, Manual, *supra,* which at the time provided:

> After matter in aggravation, extenuation, or mitigation has been introduced, the prosecution or defense has the right to cross-examine any witnesses and to offer evidence in rebuttal.

The problem with this theory is that the entry does not really rebut anything offered by appellant. He did not present evidence that he had never cheated in school or been dropped from a course. He did not even contend that he had served honorably or well. The most he said was that he liked the service and did not wish to be punitively discharged. Though this entry might have been useful to the court-martial in arriving at a sentence, it was simply not rebuttal. Thus it was not admissible under paragraph 75e, Manual.

■ However, we do not believe appellant was prejudiced by the court-martial's receipt of the exhibit, in view of the nature of his offenses, the sentencing factors properly of record, and the amount of punishment adjudged.* Article 59(a), UCMJ, 10 U.S.C. § 859(a). Accordingly, the decision of the United States Navy Court of Military Review is affirmed, 10 M.J. 589.

---

* The evidence revealed that appellant broke into an office on board ship, while at sea, and stole a shipmate's watch. Appellant did not deny the allegations, but defended on the ground that he was so intoxicated by reason of prior ingestion of illicit drugs that he could not have intended his actions. A nonjudicial punishment was properly admitted in aggravation of sentence, reflecting charges of missing movement and unauthorized absence, in violation of Articles 87 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 887 and 886, respectively.